*Attorney General, for appellant.*

---

## N. C. POWELL v. E. F. DAVIS' ADMR., ET AL.

**Land—Processioners' Report—Prima Facie Evidence of Location.**

The report of survey and designation of boundary made in the presence of the appellant without objection to its accuracy and acquiesced in by him for many years is prima facie evidence against him and it was a continued admission of its accuracy.

**Patent—Large Surplus.**

A large surplus is not per se proof of a substantial deviation from the original survey.

**Conversion Made in Former Suits.**

The appellant in a suit with Griggs in 1838 alleged that Davis owned the land to a line even 26 poles higher up the river than that fixed by the Processioner. These records concessions are alone persuasve, if not conclusive, against the appellant.

November 25, 1867.

APPEAL FROM UNION CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The antiquity of the documentary evidence of the consecutive links of the derivitive title under Chrougher's patent and the long

possession according to that chain of title sufficiently authenticate those documents and cure any apparent error or defect in the formal authentication.

The report of the processioners in the year 1840 of a survey and designation of the boundary of Chrougher's patent made in the presence of the appellant Powell without any objection to its accuracy and apparently acquiesced in by him for many years is certainly *prima facie* evidence against him and also against his co-operating associate Wm. Brennan, and must therefore fix the boundaries unless shown to be erroneous. The circuit court adjudged that it stood unimpeached and decided this case according to the plat so established—and this court concurs in that judgment for the following several reasons:

1. The boundary fixed by the Report is essentially more consistent with all the facts in the Record and approximates more nearly to the courses, distances and shape of the original survey than any other which could be sustained.

2. The long acquiesence in it was a continued admission of its substantial accuracy.

3. The large surplus is not *per se* proof of substantial deviation from the original survey and, as Chroghan and Dark call for the same corner on the Ohio River, fixing Chroghan's lower corner on the river at the Burr Oak and extending Dark's river line so far as to leave no surplus in Chrougher's patent would give to Dark's much larger surplus than that of Chrougher's as designated by the processioners. Moreover, as the line back from the oak was marked not for Chroghan, but for another patentee, Webb, who does not call to adjoin him, and as the strongest evidence that the oak corresponds with Chrougher's lower corner on the river is a vague repetition which may have erroneously identified Webb's corner with Chrougher's, it is far more probable that the surplus results from extending Chroghan's river line too far down than too far up the river. And there is no rational ground for extending Dark further down than the processioners fixed him, which is 26 poles further than the call of his patent.

4. Powell, in a suit with Griggs brought in 1838, alleged that Davis, claiming under Chroghan, owned the land to a line even 26 poles higher up the river than that fixed by the processioners, and also in a suit against Spaulding on the same ground succeeded in both cases, and Powell and Hord's heirs owning the Dark survey,

procured by "consent in 1857, a decretal partition allotting Powell's portion at the lower end of the survey on a line not as low down as that designated by the processioners.

These Record concessions as late as 1857, are alone persuasive, if not conclusive, against Powell.

Then, not only is there no evidence tending to show inaccuracy in the report of the processioners, but the facts conduce to fortify its conclusion. It is therefore conclusive proof in the case of the dividing line between Dark and Chroghan.

No title to any of the land in contest has been established by evidence of adverse possession for 20 years. The only pretence of possession for that period is by construction from partial occupancy outside of Chroghan's, and as that was under the junior patent to Powell's father, it was no possession actual or constructive, of any portion of the Chroghan land actually and constructively occupied under his title. The only entrusions within the Chroghan boundary were by a forcible extension of Powell's fence to a small extent on the land occupied by Delaney under Chroyan in the year 1853, and the like extension, in 1861, including a fraction of one acre of Brennan's land held under the same title.

. The only hope therefore for the appellant is his claim to a division of the surplus between the patents of Dark and Chroghan on which he seemed chiefly to rely in argument.. But this, if ordered, would be unavailing to Brenan, because the partition line would leave her on the Chroghan side—and it is equally inadmissible as to both Powell and Brenan, because, as before suggested, the surplus all lies in the lower end of Chroghan's survey; and consequently claimants under Dark can have no right to any of it, and are otherwise, as already shown, estopped from claiming it.

Wherefore, perceiving no error, the judgment of the circuit court is affirmed.

*Yeaman, Hord,* for appellant.

*Heston & Taylor,* for appellees.